[Cite as *State v. Dennis*, 2026-Ohio-2774.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br>CITY OF RAVENNA, | CASE NO. 2025-P-0078 |
| Plaintiff-Appellee, | Criminal Appeal from the<br>Municipal Court, Ravenna Division |
| - vs - | |
| ROBERT P. DENNIS, | Trial Court No. 2018 CRB 01257 RB |
| Defendant-Appellant. | |

---

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: July 20, 2026
Judgment: Appeal dismissed

---

*Connie J. Lewandowski*, Portage County Prosecutor, and *Timothy P. Bogner*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Robert P. Dennis*, pro se, 200 Ash Street, Williamstown, WV 26187 (Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Defendant-appellant, Robert P. Dennis ("Dennis"), appeals from the judgment of the Portage County Municipal Court denying his June 30, 2025 motion for expungement.

{¶2} We recognize that Dennis is proceeding pro se. However, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Corr. Inst.*, 2006-Ohio-3316, ¶ 9 (10th Dist.). "[P]ro se litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors." *N.*

*Kingsville v. Beals*, 2018-Ohio-3012, ¶ 19 (11th Dist.), quoting *Curtis v. Cline*, 2009-Ohio-6034 (11th Dist.).

{¶3} App.R. 16(A) requires an appellant's brief to contain the following:

(1) A table of contents, with page references.

(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

(8) A conclusion briefly stating the precise relief sought.

{¶4} Dennis's brief appears to take issue with the trial court's October 8, 2025 decision that his menacing by stalking conviction was ineligible to be sealed.[1] However, Dennis's brief otherwise fails to comply with the App.R. 16(A) requirements. Dennis's brief contains no legal or record citations and fails to present any cognizable argument for our review.

---

1. Dennis pleaded guilty to and was convicted of menacing by stalking, a misdemeanor of the first degree, in violation of R.C. 2903.211 on September 18, 2018.

Case No. 2025-P-0078

{¶5}    This court previously, sua sponte, struck Dennis's initial non-compliant brief and afforded him a second opportunity. The second brief remains non-compliant and includes unnecessary attachments and/or exhibits which were not made part of the record of appeal. *See* App.R. 9(A)(1) and 16(E).

{¶6}    "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." App.R. 12(A)(2). Furthermore, we may not "construct legal arguments in support of an appellant's appeal." *Whitehall v. Ruckman*, 2007-Ohio-6780, ¶ 20 (10th Dist.) quoting *State ex rel. Petro v. Gold*, 2006-Ohio-943, ¶ 94 (10th Dist.). "If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *Moyer v. Robinson*, 2023-Ohio-764, ¶ 36 (11th Dist.) quoting *Lloyd v. Thornsbery*, 2018-Ohio-2893, ¶ 15 (11th Dist.), quoting *Cardone v. Cardone*, 1998 WL 224934, *8 (9th Dist. May 6, 1998). "[F]ailure to comply with the requirements of the procedural rules is fatal to any appeal." *Mariano v. Boren's Wallboard*, 1988 WL 96638, *1 (11th Dist. Sept. 16, 1988).

{¶7}    Furthermore, while Dennis argues that the trial court erred or otherwise abused its discretion in its conclusions regarding the eligibility for expungement, Dennis has failed to file a transcript of the proceedings as required. App.R. 9(B).[2] Thus, even if Dennis's brief contained a procedurally proper argument, we are left without the ability to fully evaluate Dennis's claim.

---

2. According to the docket, a hearing on Dennis's motion was held via Zoom on October 3, 2025.

Case No. 2025-P-0078

{¶8} Having found Dennis's brief non-compliant with the rules of appellate procedure and presenting no basis upon which meaningful appellate review may proceed, we dismiss this appeal pursuant to App.R. 18(C). *Accord Grippando-Wright v. Smith,* 2026-Ohio-332, ¶ 14 (5th Dist.).

MATT LYNCH, P.J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2025-P-0078

# JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that the appeal is hereby dismissed due to non-compliance with App.R. 18(C).

Costs to be taxed against appellant.

 

 

| JUDGE ROBERT J. PATTON |
| --- |

 

| PRESIDING JUDGE MATT LYNCH, concurs |
| --- |

 

| JUDGE JOHN J. EKLUND, concurs |
| --- |

| **THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY** |
| --- |
| A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure. |

Case No. 2025-P-0078